ORIGINAL

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 MAR 29 PM 4:53

DEPUTY CLERK __MS__

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. |
| JULIUS TRUMANE MCMILLION | 3-22CR0129-E |

### INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

#### Scheme and Artifice to Defraud

1. Defendant **Julius Trumane McMillion** was the owner and operator of Lonestar Surgical Systems, Inc., a durable-medical-equipment provider with an office located in Dallas, Texas, within the Northern District of Texas.

2. Company A was a transit company that provided student transportation, public transportation management, intercity coach lines, and was the largest bus and train operator in the United States. Company A sponsored an ERISA-covered health and welfare plan that was a health care benefit plan as defined in 18 U.S.C. § 24(b).

3. Between in or about January 2016 and continuing until at least in or about November 2017, **Julius Trumane McMillion** engaged in a scheme to defraud Company A and to obtain money or property by means of materially false and fraudulent pretenses, representations, and promises from Company A by submitting and causing to be submitted false claims for durable medical equipment for Company A's employees, resulting in losses to Company A of approximately $1.8 million.

4. In furtherance of the scheme and artifice to defraud, **Julius Trumane McMillion** did the following:

    a. Maintained post office boxes located in Dallas, Texas, within the Northern District of Texas, to receive packages containing durable medical equipment that had been purchased from online retailers, such as Amazon;

    b. Solicited employees of Company A outside the employee parking lot and offered to provide them with free durable medical equipment;

    c. Prepared false and fraudulent claims for durable medical equipment on behalf of Company A's employees representing that each of the employees had been seen by a doctor when, in truth and fact, McMillion knew that none of the employees had been seen by a doctor and that the identified doctor did not actually exist;

    d. Established bank accounts at financial institutions, including JPMorgan Chase Bank, NA, for the purpose of receiving reimbursement from Company A for the fraudulent claims; and

    e. Distributed durable medical equipment to the employees of Company A.

<u>Counts One through Seven</u>
Health Care Fraud
(Violation of 18 U.S.C. § 1347)

5. The Grand Jury realleges and incorporates by references the allegations in Paragraph 1 through 4 of this Indictment as if set forth fully herein.

6. Between in or about January 2016 and continuing until at least in or about November 2017, in the Northern District of Texas and elsewhere, the defendant, **Julius Trumane McMillion**, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud and to obtain, by means of materially false and fraudulent pretenses and representations, money and property owned by and under the custody and control of Company A and Company A's ERISA-covered health and welfare plan, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of and payment for health care benefits, items, and services, in that **Julius Trumane McMillion** submitted or caused to be submitted the listed claims for reimbursement knowing that the claims were materially false and fraudulent:

| Count | Date (on or about) | Member | Claim Number | Billed Amount |
|---|---|---|---|---|
| 1 | 3/31/17 | L.V.L. | ERWYYK7WS00 | $14,131.44 |
| 2 | 4/21/17 | A.M. | EKJLYYG0S00 | $14,131.44 |
| 3 | 4/22/17 | V.A. | EV35X1JJX00 | $14,131.44 |
| 4 | 4/27/17 | S.M. | E4PBX4HYT00 | $14,131.44 |
| 5 | 5/4/17 | D.T. | PVABVR86700 | $14,131.44 |
| 6 | 5/4/17 | D.T. | PKTWYXYKC00 | $38,139.47 |
| 7 | 6/13/17 | A.M. | PFY0YTYVQ00 | $38,139.47 |

Each in violation of 18 U.S.C. § 1347.

## Notice of Forfeiture
## (18 U.S.C. § 982(a)(7))

Upon conviction of the charged offenses, defendant **Julius Trumane McMillion** shall forfeit to the United States any property, real or personal, which constitutes or is derived from, whether directly or indirectly, gross proceeds traceable to the offenses. This property includes, but is not limited to, the following:

- 324 Oak Meadow Lane, Cedar Hill, Texas 75104, Dallas County, Texas legally described as Lot 9, in Block E, of Meadowbrooke I, an Addition to the City of Cedar Hill, Dallas County, Texas, according to the Map or Plat thereof recorded in/under Volume 84197, Page 2061, Map/Plat records, Dallas County, Texas.;

- 1015 Aries St., Cedar Hill, TX 75104, Dallas County, Texas legally described as Lot 9, Block 5, Meadowbrooke 1, An Addition to The City of Cedar Hill, Dallas County, Texas, According To The Plat Thereof Recorded In Volume 84197, Page 2061, Map Records, Dallas County, Texas.;

- 5605 S Cockrell Hill Rd., Dallas, TX 75236, Dallas County, Texas legally described as Lot 170B, Block 6949, Of Robert Foote's Subdivision, Of Lot 170 In City Block 6949, Of Oak Cliff Forest No. 2, An Addition To The City Of Dallas, Dallas County, Texas, According To The Map Thereof Recorded In Volume 68026, Page 1861, Of The Map Records Of Dallas County, Texas.;

- 7867 Green Lawn Dr. #7867, Houston, TX 77088, Harris County, Texas legally described as A Field Note Description Of A Tract Of Land Located In Harris County, Texas, Situated In The B. B. B. & C. R.R. Company Survey, Abstract No. 181 And The K. Morgan Survey, Abstract No. 573, Being Out Of Unrestricted Reserve "F", Block 9 Of The Replat Of Inwood Forest, Section 3 As Recorded In Volume 200, Page 48 Of The Said County Map Records, Said Tract Being More And Particularly Described By Metes And Bounds As Follows:

    Commencing At The Northeast Corner Of Said Reserve "F", Said Point On The West Right-Of-Way Line Of Greenlawn Drive (60-Foot R.O.W.);

Thence, In A Southerly Direction Along Said West Line Following The Arc Of A Curve To The Left With A Central Angle Of 03°52'14", A Radius Distance Of 1230.00 Feet And A Total Called Arc Length Of 82.38 Feet To A Point Of Tangency;

Thence, Call South 02°26'20" East, Along Said West Line, A Call Distance Of 290.20 Feet To A Point;

Thence, Call South 87°33'40" West, A Call Distance Of 56.70 Feet To An "X" Set For The Point Of Beginning Of The Herein Described Tract Of Land;

Thence, South 02°26' 0" East, Along The West Line Of That Certain Tract Recorded Under Clerks File No. U-205628 Of The Said Property Records, A Distance Of 18.00 Feet To An "X" Set For Corner;

Thence, South 87°33'40" West, Along A North Line Of Said U-205628, A Distance Of 3.80 Feet To An "X" Set For Corner;

Thence, South 02°26'20" East, Along Said West Line With An Existing Party Wall, A Distance Of 35.50 Feet To A Building Corner;

Thence, South 87°33'40" West, A Distance Of 44.00 Feet To A Building Corner;

Thence, North 02°26'20" West, A Distance Of 14.00 Feet To A Building Corner;

Thence, North 87°33' 40" East, A Distance Of 3.70 Feet To A Building Corner;

Thence, North 02°26'20" West, A Distance Of 11.50 Feet To A Building Corner;

Thence, North 87°33'40" East, Along The South Line Of That Certain Tract Recorded Under Clerks File No. P-283178 Of The Said Property Records In Part With An Existing Party Wall, A Distance Of 22.30 Feet To A Point For Corner;

Thence, North 02°26'20" West, Along An East Line Of Said P-283178, A Distance Of 10.00 Feet To A Point For Corner;

Thence, North 87°33'40" East, Along A South Line Of Said P-283178, A

  Distance Of 3.80 Feet To An "X" Set For Corner;

  Thence, North 02°26'20" West, Along An East Line Of Said P-283178, A Distance Of 18.00 Feet To An "X" Set For Corner;

  Thence, North 87°33'40" East, A Distance Of 18.00 Feet To The Point Of Beginning And Containing 0.036-Acres Of Land More Of Less as shown in File No. 03-3903 in the office of U.S. Surveying Company, Inc., Houston, Texas.; and

- The total proceeds derived from the offense, commonly referred to as a "money judgment."

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

A TRUE BILL:

_____
FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_Elyse D. Lyons (for Renee Hunter)_
RENEE M. HUNTER
Assistant United States Attorney
Texas Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Email: Renee.Hunter@usdoj.gov

Indictment—Page 7 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

JULIUS TRUMANE MCMILLION

INDICTMENT

18 U.S.C. § 1347
Health Care Fraud
(Counts 1 through 7)

18 U.S.C. § 982(a)(7)
Forfeiture Notice

7 Counts

A true bill rendered

_____
DALLAS                                                FOREPERSON

Filed in open court this __29__ day of March, 2022.

**Summons to Issue**

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending